IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WALKER TOWEL & UNIFORM SERVICE, INC., <br> 2601 E Truman Road <br> Kansas City, MO  64127 <br><br> Plaintiff, <br><br> v. <br><br> FUJIFILM HOLDINGS AMERICA CORPORATION D/B/A FUJIFILM NORTH AMERICA CORPORATION F/K/A FUJIFILM SERICOL, U.S.A., INC. <br> Serve: R/A: CSC-Lawyers Incorporating Service Company <br> 221 Bolivar Street <br> Jefferson City, MO  65101 <br><br> Defendant. | Case No. <br><br> COMPLAINT |

## COMPLAINT

COMES NOW the Plaintiff Walker Towel & Uniform Service, Inc. ("Walker" or "Plaintiff"), by and through undersigned counsel, and for its Complaint against Defendant Fujifilm Holdings America Corporation d/b/a Fujifilm North America Corporation f/k/a Fujifilm Sericol, U.S.A., Inc. ("Fuji" or "Defendant"), states and alleges as follows:

**PARTIES**

1. Plaintiff is a Missouri Corporation duly organized and existing by virtue of law, with its principal place of business located at 2601 E Truman Road, Kansas City, Missouri, 64127.

2. Defendant is a Delaware Corporation that regularly conducts business in Missouri and may be served with process by serving the registered agent at the address set forth above.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1332 as the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and is between corporations who are incorporated and maintain their principal places of business in different states. Venue in this District is proper because Plaintiff's principal place of business is located within this District, Plaintiff and Defendant regularly conduct business in this District, and the Contract at issue was executed in this District.

## COUNT I – BREACH OF CONTRACT

4. Plaintiff restates and reincorporates the allegations set forth in Paragraphs 1 through 3 of its Complaint as if fully set forth herein.

5. On October 1, 2010, Defendant entered into a written service agreement (the "Contract") with Plaintiff, whereby Plaintiff would provide shirts, towels, mats, and additional products on a regular and continuing basis, in exchange for regular payment by Defendant. A true and correct copy of the Contract is attached hereto as Exhibit A.

6. The terms, conditions, prices, and termination provisions contained in the Contract were fairly and fully negotiated prior to execution of the Contract by both parties.

7. Pursuant to the Contract, Fuji agreed to an initial five (5) year contract term from the date of installation, October 1, 2010.

8. Pursuant to Paragraph 7 of its terms, which were provided in their entirety and reviewed by Defendant prior to Contract execution, the Contract automatically renews for an additional five (5) year term unless a written notice of cancelation or non-renewal is given at least sixty (60) days prior to the conclusion of the initial five (5) year term.

9. Walker did not issue, nor did it receive, a notification of Contract non-renewal or

cancelation at least 60 days prior to expiration of the original Contract term. Therefore, the Contract automatically renewed for an additional five (5) year term on October 1, 2015.

10. Pursuant to Paragraph 15 of the Contract, if Fuji breaches or terminates the Contract for any reason other than as permitted, liquidated damages are to be assessed against Fuji in the amount of 50% of the average weekly amounts invoiced to Fuji, multiplied by the number of weeks remaining on the Contract.

11. Fuji breached the Contract by unilaterally attempting to cancel the contract, then failing and refusing to remit further payment due thereunder.

12. Fuji's breach occurred with 220 weeks remaining on the Contract, therefore the liquidated damages calculation for the Contract is 220 weeks x $1388.42 x ½, which equals $152,726.20.

13. The liquidated damages provision contained in the Contract is a reasonable forecast of just compensation for the harm resulting from Fuji's breach, which harm is not possible or very difficult to accurately estimate.

14. On or about August 15, 2016, Plaintiff issued a demand letter to Fuji notifying it of the Contract breach, and inviting Fuji to remedy the breach by contacting Plaintiff about continued service under the Contract, or by remitting the liquidated damages set forth in the Contract.

15. Fuji has declined continued service under the Contract, refused to remit the liquidated damages due thereunder, and to date has failed to provide any evidence of written cancelation or non-renewal as required by the Contract.

WHEREFORE, Plaintiff prays for judgment against Defendant in the principal sum of $152,726.20, its costs and fees incurred herein and otherwise in its attempts at collection as

provided by the Contract, post-judgment interest as permitted by statute, and for such other further relief as the Court deems just and necessary.

Dated this 5th Day of October, 2016.  BERMAN & RABIN, P.A.

  /s/ Benjamin N. Hutnick
  Benjamin N. Hutnick #63668
  15280 Metcalf
  Overland Park, KS  66223
  P: (913) 649-1555
  F: (913) 649-2335
  bhutnick@bermanrabin.com
  *ATTORNEYS FOR PLAINTIFF*